IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY SWANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19 C 5951 |
| ) | |
| CHAD WOLFE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Nancy Swank has filed a *pro se* lawsuit against Chad Wolfe, the Acting Secretary of the U.S. Department of Homeland Security (DHS),[1] for discrimination based on age, disability, and sex. Wolfe has moved to transfer the case to the Central District of California under 28 U.S.C. § 1406 or, in the alternative, dismiss it under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

## Background

The Court takes the following allegations from the complaint as true. *See Deb v. SIRVA, Inc.,* 832 F.3d 800, 809 (7th Cir. 2016). The Transportation Security Administration (TSA) is an agency of DHS. Swank has worked as a transportation security officer for the TSA on several occasions, most recently starting in March 2016

---

[1] Swank filed her lawsuit against Kevin McAleenan, who at the time was the Acting Secretary of DHS. Because McAleenan no longer holds that office, Wolfe is substituted for him as the defendant. *See* Fed. R. Civ. P. 25(d) (public officer's successor is automatically substituted as a party).

at Santa Barbara Municipal Airport in Santa Barbara, California.

Swank has alleged that a manager for the TSA unlawfully discriminated against her beginning in August 2016. In late September 2016, the TSA terminated her employment. She contends her termination was based on discrimination.

In January 2017, Swank filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) alleging discrimination based on sex and disability. Subsequently, an EEOC administrative judge dismissed her case, and the EEOC issued a decision affirming the dismissal. On September 5, 2019, Swank filed the present lawsuit. In her complaint, she asserts claims under the Age Discrimination Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and the Rehabilitation Act.

## Discussion

Wolfe seeks to dismiss or transfer this case, arguing that Swank filed it in the wrong venue. In making that argument, he relies on Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), which also applies to lawsuits brought under the ADA, *see* 42 U.S.C § 12117(c), and the Rehabilitation Act, *see* 29 U.S.C. § 794a(a)(1). The provision provides, in relevant part, that a lawsuit under Title VII, the ADA, or the Rehabilitation Act may be brought in (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the [relevant] employment records . . . are maintained and administered," or (3) the judicial district where the plaintiff "would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3); *see also* 42 U.S.C § 12117(c); 29 U.S.C. § 794a(a)(1). If the defendant is not "found within any

such district," the action "may be brought within the judicial district in which [he] has his principal office." *Id.*

By contrast, the ADEA does not have its own venue-setting provision, so the general venue-setting statute, 28 U.S.C. § 1391, applies. *Wahba v. Kellogg Co.*, No. 12 C 6975, 2013 WL 1611346, at *1 (N.D. Ill. Apr. 12, 2013). Section 1391 is arguably more generous than section 2000e-5(f)(3). *Id.* at *2. Where, however, as here, a case "involves claims that are subject to the general venue statute, and other claims arising from the same core facts that are subject to a specific venue statute, the specific venue statute controls and applies to all of the claims in the case." *Id.* (citing *Pacer Global Logistics, Inc. v. Natl. Passenger R.R. Corp.*, 272 F. Supp. 2d 784, 790–91 (E.D. Wis. 2003). Thus section 2000e-5(f)(3) applies to all of Swank's claims.

Wolfe contends that each of the three statutory venue tests in section 2000e-5(f)(3) indicates that the Northern District of Illinois is not a proper venue. Specifically, he contends that Swank's allegedly discriminatory termination occurred in the California, she has not alleged that the relevant employment records are located elsewhere, and she would have continued working in California if she had not been terminated.

Swank argues that the case should remain in the Northern District of Illinois because she has severe medical issues and financial limitations that would make traveling to California to litigate her case difficult, if not prohibitive. She also contends it is only fair for her to litigate her lawsuit in this district, where she now lives and where she has spent most of her life.

The Court is sympathetic to Swank's position. But where a plaintiff resides does not have a bearing on where venue is proper under Title VII's venue provision. *See*

*Graham v. Spireon, Inc.*, No. 14-CV-00131, 2014 WL 3714917, at *3 (N.D. Ill. July 25, 2014) (collecting cases). And for better or for worse, fairness and the interests of justice are not relevant factors either. *See* 42 U.S.C. § 2000e-5(f)(3). Because Swank offers no other basis on which the Court can conclude that venue would be proper in this district, the Court concludes that this district is not the proper venue for the case.

Having found that venue does not lie in this district, the Court may dismiss the case or transfer it to an appropriate district. *See* 28 U.S.C. § 1406(a). The Court concludes that transferring this case serves the interests of justice because dismissing it could prevent Swank from filing a new lawsuit regarding her allegedly discriminatory termination at all, given the time limits for filing lawsuits under the statutes at issue. *See Wahba*, 2013 WL 1611346 at *2; *Gwin v. Reynolds & Reynolds Co.*, No. 01 C 770, 2001 WL 775969, at *2 (N.D. Ill. July 10, 2001). The Central District of California is a proper venue because, as indicated, it is undisputed that the allegedly unlawful termination occurred in the California and that Swank would have worked in California but for her termination. Therefore, the Court transfers the case to the Central District of California.

## Conclusion

The Clerk is directed to substitute Chad Wolfe as the defendant in this case under Federal Rule of Civil Procedure 25(a). For the reasons stated above, the Court grants Chad Wolfe's motion to dismiss or transfer [dkt. no. 17] and directs the Clerk to transfer the case to the Central District of California under 28 U.S.C. § 1406(a).

_____
MATTHEW F. KENNELLY
United States District Judge

May 4, 2020

4